**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW<br>Suite 800<br>Washington, DC 20006,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU<br>1700 G Street NW<br>Washington, DC 20552<br><br>Defendant. | ) | Civil Action No. 16-2434 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant Consumer Financial Protection Bureau ("CFPB" or "Bureau"). The requested records concern both a Bureau study and rulemaking designed to prohibit the use of mandatory binding pre-dispute arbitration clauses in financial services contracts. CFPB issued a final determination and production but withheld information to which CoA Institute has a right under the FOIA.

## NATURE OF THE ACTION

2. Defendant CFPB is a regulatory agency with broad powers, much of which are subject to controversy and debate. *See, e.g., PHH Corp. v. Consumer Fin. Prot. Bureau*, No. 15-1177, slip op. at 64 (D.C. Cir. Oct. 11, 2016) (holding that the appointment structure of CFPB is unconstitutional).

3. The purpose of the FOIA is to keep government agencies like CFPB transparent so that policymakers and the public can evaluate the merits of agency action. *See, e.g.*, *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978) (The FOIA's purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed").

4. On May 24, 2016, CFPB published a Notice of Proposed Rulemaking for a rule that would prohibit the use of pre-dispute arbitration clauses in many financial services contracts. *See* Consumer Fin. Prot. Bureau, Arbitration Agreements, 81 Fed. Reg. 32,829 (proposed May 24, 2016) (to be codified at 12 C.F.R. pt. 1040). The proposed rule was purportedly based, as required by 12 U.S.C. § 5518(b), on an Arbitration Study commissioned by CFPB in 2015. Consumer Fin. Prot. Bureau, Arbitration Study (2015), *available at* http://bit.ly/2hirW2g. Given the numerosity of pre-dispute arbitration clauses in financial services contracts, the proposed new anti-arbitration rule likely will subject numerous financial institutions to a flood of class action lawsuits, further burdening the courts.

5. Both the proposed anti-arbitration rule and the Arbitration Study have solicited much criticism, including allegations that CFPB used poor quality science, data, and methodology during the study. *See, e.g.,* Jason Scott Johnston & Todd Zywicki, The Consumer Financial Protection Bureau's Arbitration Study – A Summary and Critique (Mercatus Ctr., Working Paper, 2015), *available at* http://bit.ly/2gHt4vH.

6. CoA Institute filed the FOIA request that is the subject of this Complaint to educate the public about how CFPB formulated its proposed anti-arbitration rule and conducted the Arbitration Study. This information is critical in understanding CFPB's actions.

7. Although CFPB issued a final determination on the FOIA request and produced some records, the agency applied a number of FOIA exemptions to withhold, in whole or in part, an enormous number of responsive records and information. In doing so, CFPB has misapplied the FOIA and frustrated the statute's goal of furthering government transparency.

## JURISDICTION AND VENUE

8. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B).

9. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

11. CFPB is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

12. By letter, dated April 13, 2016, CoA Institute submitted a multi-item FOIA request to CFPB. Ex. 1. Item 2 of that request sought: "All records by or between CFPB employees regarding the Arbitration Study and/or the Proposed Ban." *Id.* at 2.

13. By e-mail, dated May 25, 2016, CFPB informed CoA Institute that the search for records responsive to Item 2 located "a voluminous amount of records (over 20,000)." Ex. 2. Thereafter, CoA Institute and CFPB consulted by both phone and email in an attempt to narrow the request. Ultimately, CoA Institute agreed to limit the search terms applicable to Item 2 and, by email, dated June 17, 2016, CFPB informed CoA Institute that the limited search terms would narrow the universe of potentially responsive records to 3,928. Ex. 3.

14. To ease CFPB's administrative burden, and at the agency's request, CoA Institute filed a new FOIA request, dated June 30, 2016, reflecting the parties' agreement as to Item 2 of the original FOIA request. *See* Ex. 4. This new request contained identical language to the prior request: "All records by or between CFPB employees regarding the Arbitration Study and/or the Proposed Ban." *Id.* In addition, the June 30, 2016 request limited applicable search terms to the following parameters:

a. MUST contain words "arbitration study" and/or "proposed ban";
b. AND ANY of the words "methodology" OR "peer review" OR "junk" OR "bad science" OR "flawed report" OR "massage numbers".

*Id*.

15. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id*. at 2.

16. CFPB acknowledged receipt of CoA Institute's second request on July 1, 2016, assigned it tracking number CFPB-2016-314-F, and granted CoA Institute news media requester status. Ex. 5.

17. By letter, dated September 15, 2016, CFPB issued a final determination, indicating a total of 3,554 pages of responsive records. Ex. 6. CFPB also indicated that it was

producing 845 pages in full and 832 pages in part, and withholding 1,877 pages in full. *Id.* CFPB applied Exemptions 2, 4, 5, 6, and 7(E) to various parts of the production.

18. By letter, dated October 12, 2016, CoA Institute timely appealed the final determination to challenge CFPB's use of each FOIA exemption the agency applied to the production. Ex. 7.

19. By letter, dated November 9, 2016, CFPB denied CoA Institute's appeal in full. Ex. 8. In its appeal determination, CFPB stated that it had produced 1,549 pages in full or in part and withheld 1,801 pages in full. *Id.* at 1. These numbers conflict with those presented in the final determination letter, but CFPB offered no explanation for the discrepancy.

## **COUNT 1**
## **Violation of the FOIA: Improper Withholding of Responsive Records**

20. CoA Institute repeats paragraphs 1 through 19.

21. Under the FOIA, agencies are required to produce all responsive records, and all parts of responsive records, not covered by one of the enumerated statutory exemptions. The burden is on the agency to justify the use of any exemption to withhold or redact information. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973) ("[T]he burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA.")

22. On information and belief, CFPB improperly applied Exemption 2 to withhold records and information to which CoA Institute is entitled under the FOIA. Exemption 2 covers disclosures that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). In *Milner v. Dep't of Navy*, 562 U.S. 562, 569 (2011), the Supreme Court held that "Exemption 2, consistent with the plain meaning of the term 'personnel rules and practices,' encompasses only records relating to issues of employee relations and human

resources." *Id.* None of the records responsive to the June 30, 2016 FOIA request fall within this type of record.

23. On information and belief, CFPB improperly applied Exemption 4 to withhold records and information to which CoA Institute is entitled under the FOIA. The United States Court of Appeals for the District of Columbia has held that Exemption 4 applies in only two circumstances: 1) when a FOIA request concerns "financial or commercial information a person was obliged to furnish the Government," or when 2) "any financial or commercial information provided to the Government on a voluntary basis . . . is of a kind that the provider would not customarily release to the public." *Critical Mass Energy Project v. Nuclear Reg. Comm'n*, 975 F.2d 871, 880 (D.C. Cir. 1992). Neither of these circumstances apply to the records responsive to the June 30, 2016 FOIA request.

24. On information and belief, CFPB improperly applied Exemption 5 to withhold records and information to which CoA Institute is entitled under the FOIA. CFPB relies on three different privileges, in conjunction with Exemption 5, to both partially-redacted and fully-withheld records: the (a) attorney work-product, (b) attorney-client, and (c) deliberative process privileges.

a. For the attorney work-product privilege to attach, there must be "some articulable claim, likely to lead to litigation." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980). An agency cannot withhold documents "simply because litigation might someday occur." *S. of the Commonwealth of P.R. v. Dep't of Justice*, 823 F.2d 574, 587 (D.C. Cir 1987). If agencies were permitted to apply attorney work-product privilege to all documents relevant to rulemaking and regulatory process, "the policies of

the FOIA would be largely defeated." *Id*. On information and belief, CFPB improperly applied this privilege because the records responsive to the June 30, 2016 request were created in anticipation of the publication of the Arbitration Study and the Notice of Proposed Rulemaking, not in anticipation of any articulable legal claim.

b. The attorney-client privilege applies to "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977). Agencies are not permitted to use attorney-client privilege to "protect . . . agency law from disclosure to the public." *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 619 (D.C. Cir. 1997). On information and belief, CFPB improperly applied this privilege because none of the records responsive to the June 30, 2016 request constitute confidential attorney-client communications.

c. The deliberative process privilege applies when documents qualify as predecisional and deliberative and if they "reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Taxation with Representation Fund v. Internal Revenue Serv.*, 646 F.2d 666, 677 (D.C. Cir. 1981). On information and belief, CFPB improperly applied this privilege because CFPB never made any showing as to which records this exemption applied.

25. On information and belief, CFPB improperly applied Exemption 6 to withhold records and information to which CoA Institute is entitled under the FOIA. The threshold test for Exemption 6 covers information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Agencies must evaluate whether there is a "substantial, as opposed to *de minimis*, privacy interest[.]" *Multi Ag Media LLC v. Dep't of Agric*., 515 F.3d 1224, 1229 (D.C. Cir. 2008). If there is, the agency must then conduct a balancing test between the privacy interest and the public interest in disclosure of the information. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). With Exemption 6, "the presumption in favor of disclosure is as strong as can be found anywhere in the [FOIA]." *Multi Ag*, 515 F.3d at 1227 (internal citations omitted). To maintain a withholding under Exemption 6, the agency must meet every step of the threshold analysis. *Schonberger v. Nat'l Transp. Safety Bd.*, 508 F. Supp. 941, 942 (D.D.C. 1981). CFPB improperly applied this privilege because none of its Exemption 6 redactions protected a substantial privacy interest.

26. On information and belief, CFPB improperly applied Exemption 7 to withhold records and information to which CoA Institute is entitled under the FOIA. Exemption 7(E) allows withholding of "records or information compiled for law enforcement purposes . . . [that] would disclose techniques and procedures for law enforcement investigations or prosecutions. 5 U.S.C. § 552(b)(7)(E). None of the records responsive to the June 30, 2016 FOIA request fall within this type of record.

27. CoA Institute has fully exhausted its administrative remedies.

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. order CFPB to produce all records and portions of records improperly withheld within twenty (20) business days of the date of this order;

b. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

c. grant such other relief as the Court may deem just and proper.

Date: December 13, 2016

Respectfully submitted,

*/s/ Eric R. Bolinder*
Eric R. Bolinder
D.C. Bar No. 1028335
John J. Vecchione
D.C. Bar No. 431764

CAUSE OF ACTION INSTITUTE
1875 Eye Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
Eric.Bolinder@causeofaction.org
John.Vecchione@causeofaction.org

*Counsel for Plaintiff*